## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

SKYYDO MBAZANG,

6650 Georgia Avenue NW, Apt 104   :
Washington, DC 20012         Case No. 2024-CAB-007361

              :

   Plaintiff

vs.               :

WASHINGTON METROPOLITIAN AREA :
TRANSIT AUTHORITY
600 Fifth Street, N.W.       :
Washington, DC 20001

              :

Serve On:
Patricia Y. Lee          :
WMATA
Office of General Counsel     :
600 Fifth Street, N.W.
Washington, DC 20001      :

              :

   Defendant,

## COMPLAINT

COMES NOW the Plaintiff, **SKYYDO MBAZANG** (hereinafter "Plaintiff") by and through **CONRAD N. BAYELLE, SR ESQ** and **LAW OFFICE OF CONRAD BAYELLE & ASSOCIATES, LLC,** his attorneys hereby sues the Defendant, **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** (hereinafter "WMATA" or "Defendant") for injuries sustained and in support thereof, respectfully states as follows:

1. Jurisdiction is vested in this Court pursuant to the Washington Metropolitan Area Transit Authority Compact (hereinafter "WMATA Compact"), which established original and concurrent jurisdiction in this Court over matters involving WMATA. See WMATA Compact Art. XVI § 81: D.C Code § 9-1107.01 (81).

2. Venue in this Court is proper as all of the negligent acts and/ or omissions complained or herein occurred in the District of Columbia.

### PARTIES

~ 1 ~

3. Plaintiff Skyydo Mbazang is an adult citizen now and at all times relevant to this suit is a resident of the District of Columbia currently residing at 6650 Georgia Avenue NW, Apt 104, Washington, DC 20012.

4. Defendant WMATA is a tri-jurisdictional government agency created by Congress by way of the WMATA Compact.

5. Pursuant to the WMATA Compact, the exclusive remedy for tort claims brought against WMATA shall be by suit filed against WMATA; suits against the State or local governments of the WMATA Compacts Signatories, i.e., the District of Columbia, Maryland and Virginia, are expressly prohibited.

6. As the tort claims herein apply exclusively to WMATA, and do not implicate the District of Columbia local government, or any other WMATA Compact signatories, the statutory notice requirements prescribed by D.C. Code § 12-309, for claims filed against the District of Columbia, are not applicable to this case.

7. At all times relevant hereto, Defendant WMATA was the owner of a Transit Bus operated in the District of Columbia.

8. At all times relevant hereto, Defendant WMATA, through its duly authorized agents, servants and/ or employees, provided public transportation services throughout the District of Columbia and maintained its principal place of business within the District of Columbia.

9. The provision of mass transportation services, including the duties and responsibilities that accompany such services, is a proprietary function within the meaning of the WMATA Compact.

10. Pursuant to the WMATA Compact, Defendant WMATA shall be held liable for its negligent acts and/ or omissions, including those of its agents, servants and/or employees, committed in the conduct of any proprietary function. D.C Code § 9-1107.01

~ 2 ~

10. Pursuant to the WMATA Compact, Defendant WMATA shall be held liable for its negligent acts and/ or omissions, including those of its agents, servants and/or employees, committed in the conduct of any proprietary function. D.C Code § 9-1107.01

## STATEMENT OF FACTS

Plaintiff re-alleges and incorporates by reference all of the facts and allegations in paragraphs 1 through 10 above with the same effect as if herein fully set forth and further alleges:

11. Upon information and belief, at all times relevant hereto, Defendant is the owner of a Transit Bus licensed and registered in the District of Columbia that was involved in the accident complained of herein.

12. On September 23, 2022, the Plaintiff was seat-belted and driving carefully and prudently on or near 1620 South Capitol Street SE, Washington, DC, a public road in the District of Columbia. The operator of the Transit bus, Tina Price, suddenly and without warning failed to maintain their lane and struck the vehicle operated by Deandre Harley, the impact caused a chain reaction in which Plaintiff's vehicle sustained damages and resulting in Plaintiff's injuries.

13. Plaintiff brings this action against Defendant for bodily injuries sustained and property damage that occurred as a result of the accident complained herein.

## COUNT ONE – NEGLIGENCE

Plaintiff, re-alleges and incorporates by reference all of the facts and allegations in paragraphs 1 through 13 above with the same effect as if herein fully set forth and further alleges:

14. The operator of the Transit Bus had a duty to drive the vehicle with the same reasonable care that a reasonable prudent person would have under the same or similar

~ 3 ~

circumstances. She owed a duty to the Plaintiff to drive reasonably to avoid any unreasonable risk of harm to the Plaintiff, other drivers and pedestrians on the road.

15. Defendant was negligent and failed to comply with the rules of traffic at the time and date of the accident. While Plaintiff was driving on his lane, maintained proper speed and distance, the bus operator, Tina Price carelessly and negligently struck the vehicle operated by Deandre Harley, the impact caused a chain reaction causing the collision in which Plaintiff sustained personal injuries and property damage.

16. At the time and place of the accident, Tina Price, was operating a motor vehicle in a negligent, reckless and careless manner and in violation of the traffic rules and regulations in effect in the District of Columbia an in further violation of the duty of reasonable care imposed upon a driver by law.

17. The collision was caused by the recklessness, carelessness and negligence of Tina Price, for that among other acts and omissions Ms. Price:

   a. failed to observe due care and precaution and to maintain proper and adequate control of the motor vehicle;
   b. failed to pay full time and attention to the traffic conditions in effect;
   c. failed to keep a proper lookout for other vehicles lawfully upon the highway;
   d. failed to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; and
   e. in other respects not now known to the Plaintiff but which may become known prior to or at the time of trial all without any negligence on the part of the Plaintiff, contributing thereto.

18. As a direct and proximate cause and result of aforesaid acts of negligence and carelessness of Ms. Price, the Plaintiff who was at all times exercising due care:

~ 4 ~

a. suffered serious, painful and permanent bodily injuries, to wit: acute sprain/strain of the cervical spine, acute sprain/strain of the lumbar spine, acute sprain of the left trapezius muscle, acute muscular sprain of the right thigh, contusion of the left shoulder, great physical pain and mental anguish; severe and substantial emotional distress; and loss of the capacity for the enjoyment of life;

b. was, is and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

c. was, is and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings;

d. and, otherwise was hurt, injured and caused to sustain losses.

19. All of the Plaintiff's losses were, are and will be due solely to and by reason of carelessness and negligence of Tina Price, the operator of Defendant's vehicle, without any negligence or want of due care on the Plaintiff's part contributing thereto.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant in the amount of **TWENTY-FIVE THOUSAND DOLLARS ($25,000.00)** plus attorneys' fees, court costs and interest, or any other amount that this Honorable Court finds fit and equitable.

Respectfully submitted,

Conrad N. Bayelle Sr. Esq. (981585)
8630 Fenton Street. Suite 925
Silver Spring, MD 20910
Tel: 301-679-6321
Fax: 301-357-8511
E-mail: info@conbaylaw.com
*Attorney for Plaintiff*

~ 5 ~